Johnson, J.
delivered the opinion of the Court.
There is no question but that the defendant, Mrs. Collins, is individually bound for the payment of the complainants’ demand, In aconsequenoe of the judgment at law against herself, and her late husband, Alexander Collins, as the executor and executrix of their testator, George Skinner, obtained in 1812, and revived by scire Jfaciasm 1822 : but in respect to her, the complainants have, in the judgment, a plain and adequate remedy at law ■ and the sole ground of claiming the aid of the Court of Equity is, that she is insolvent, and unable to pay it ■; wherefore the bill prays a discovery from the other defendants, as to the amount of the legacies received by them under the will of George Skinner 5 and that they may be compelled to contribute to the satisfaction of this judgment. The right of a creditor'to pursue the estate of his deceased debtor in the hands of legatees, or distributees, is unquestionable. If it were not so, a worthless or Irresponsible executor or administrator might, by as-renting to a legacy, or making a distribution, prematurely, deprive creditors of their rights, and enable unprincipled legatees, and distributees, to retain that to which ex cequo et bono they were never entitled. But in giving effect to this right, however just it might be in the abstract, the Court is bound to take care that it is not abused, nor suffered to operate injuriously to others, and that the creditor has himself done all that reciprocal justice requires of him.
What are the facts here 1 George Skinner, the testator, made his bond to Josiah Smith in 1794; .and to secure the payment, mortgaged certain negroes. Some payments on account of the debt appear to have been made by him, the last of which, was in 1797. He died in 1801, and shortly after, his widow, the present defendant, Mrs. Collins, proved his will, and qualified as executrix; and in 1805, the estate was distributed conformably to his will, amongst. herself, and the other defendants, his children. In 1807, she intermarried with Alexander Collins, her late husband, who afterwards mortgaged ten of the negroes allotted to his wife, for his own debts; and in the end they have been sold to satisfy them. It does not appear, that any one of these parties, not even the executor, or executrix, had notice of the existence of this demand, until a suit was *76 commenced on it in 1811; and from the returns made to the executions issued on the judgment, it would seem, that the executor and executrix were insolvent when it was obtained. And it was not until 1824, when the original bill in this case was filed, nearly twenty years after the estate had been divided among the legatees, that any demand appears to have been made on the other defendants. If the executirx had even informal notice of the existence of this demand, it was her right and her duty to have retained in her hands an amount sufficient to pay it, and the presumption is that she did so; and if a creditor will stand by, and see that fund dissipated, and the whole substance of the executors wasted, through a period of near twenty years, he comes with a bad grace to ask indemnity from those who had no power to prevent it. And such does appear to me to have been the situation of the parties now complaining. The excuse offered for this negligence is, that from 1802 to 1810, this bond was impounded by an attachment. But there was time enough, before that proceeding took place, to have given notice to the executors of the existence of the debt; and there is no question but that the Court, from whence the attachment issued, would, at any time, have authorized a suit'upon it, at the instance of any party claiming an interest in it: so that it does not appear, that there ever was, at airy time, any legal, or physical impediment, to the prosecution of the claim, either against the executors, or against the legatees, if they were bound to contribute ; and to infer it now, under all the circumstances, would, it appears to me, operate as a great hardship on these defendants.
It is a well settled'rule, that twenty years will authorize the presumption that a bond has been paid, without the aid of other circumstances ; and a possession of lands, for that length of time will authorize the presumption of a deed, grant, or other muniment necessary to perfect the title of the occupant: and in both these cases a shorter period, aided by circumstances, has been held sufficient. The same principle is applicable to tlie case under consideration. If the full period of twenty years had elapsed, after the defendants were put into possession of their distributive shares of tbe estate, it would not he questioned, but that this, of itself, would have protected them; and a lapse of nineteen years, aided by tbe circumstances, of the negligence of which the plaintiffs have been guilty, and the *77 great probability that the debt has been lost in consequence of it, well warrants the presumption, that the creditor consented to release the obligation .on the legatees to contribute, and to look alone to the executors: and it is no hardship that his representatives should be required to do so now. The complainants are not then entitled to recover against that class of the defendants; but their only remedy is against the executrix, and against, her their judgment at law furnishes all the remedy which equity itself could give, and they must resort to it. The appeal is therefore dismissed, and the decree of the Circuit Court affirmed.

Decree affirmed.